JOSEPH A. DI RIENZO, APPELLANT, v. BOARD OF MANAGERS OF THE NEW JERSEY STATE PRISON, RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 5, 1970—Decided October 9, 1970.

Before Judges GOLDMANN, LEONARD and MOUNTAIN.

*Mr. Franz J. Skok,* assigned counsel, argued the cause for appellant.

*Mr. Joseph T. Maloney,* Deputy Attorney General, argued the cause for respondent (*Mr. George F. Kugler, Jr.,* Attorney General, attorney.)

PER CURIAM. While defendant was serving concurrent sentences of 1–4 years and 2–3 years at the State Prison, he was involved in an incident which resulted in a hearing before a Disciplinary Court. He was found guilty of flagrant misconduct, with a recommendation to the Board of Managers that defendant forfeit 365 days of earned commutation time. After reviewing the case the Board affirmed the finding of the Disciplinary Court that defendant had been guilty of flagrant misconduct, but forfeited only 83 days' commutation time instead of 365.

Defendant had been charged with creating a disturbance, throwing the contents of a bucket containing urine at the prison officials, attacking the officers and attempting to strangle one of them. He allegedly admitted to Prison Warden Pinto that he had thrown the contents of the bucket at the officers. He is also alleged to have assaulted another inmate after hearing the Disciplinary Court's determination.

We are asked to rule that the action of the Board of Managers in subdelegating to the Disciplinary Court its authority to declare a forfeiture of part of defendant's earned commutation time contravened the provisions of *N. J. S. A.* 30:4–140. Further, that defendant was entitled under the due process clauses of the Federal and State Constitutions to a hearing before the Board to show why commutation time should not be declared forfeited.

*N. J. S. A.* 30:4–140, after providing for commutation time credits, declares:

\* \* \* In case of any flagrant misconduct the board of managers may declare a forfeiture of the time previously remitted, either in whole or in part, as to them shall seem just.

Defendant argues that the Board of Managers may not lawfully delegate to anyone else its authority to declare a forfeiture, and forfeiture can properly follow only upon a finding of flagrant misconduct after a full hearing before the Board itself.

It is first to be observed that the quoted statute contains no provision expressly permitting delegation, nor does it expressly or inferentially forbid delegation. We do not deal here with the typical regulatory agency that has become so important a part of government. Rather, we deal with a body charged with a duty entrusted to it for disciplinary purposes, a body whose overall responsibility is to form a policy governing the institution in its ultimate care, and to implement that policy with an effective program of administration.

Every prisoner, upon entering the New Jersey State Prison, is given an "Inmate Rule Book" which contains the rules of the institution and the prisoner's responsibilities and opportunities to make good use of his time. Under the heading of "Loss of Commutation Time," the prisoner is informed that loss of time is recommended by the Disciplinary Court, subject to the approval of the Board of Managers. Further, under "Infraction of Rules," the prisoner is told that if he is charged with a violation of an institution rule, the officer making the charge will so report in writing to the Center Keeper, who will provide clarification for the benefit of the Disciplinary Court. The goal is to process all charges within a 48-hour period, after which the prisoner is advised when he will appear before the Disciplinary Court, at which time he may present any additional information to support his case. The court will then render a decision. These rules are clear and easily understood. Indeed, like the other rules, they reflect a necessary administrative procedure to be followed in a prison environment.

The purpose of *N. J. S. A.* 30:4–140 is correctional and disciplinary. Viewed in this limited light it appears that the rules and regulations which have generally been held

necessary in respect to agency action in a traditional sense should not be held controlling here. What was done in defendant's case was in conformity with the Board's rules and regulations for the administration of the State Prison. *Cf. Lipschitz v. State,* 43 *N. J. Super.* 522, 526 (App. Div. 1957) ; *McBride v. McCorkle,* 44 *N. J. Super.* 468, 473–474 (App. Div. 1957).

Plaintiff has informed us that within a 12-month period ending May 31, 1970 there was a total of 5,481 disciplinary hearings that came under the jurisdiction of the Board of Managers. It is obvious that the exigencies of administration make impossible a requirement that all of these matters be heard initially by the Board.

■■ A prisoner, of course, is entitled to notice of the misconduct with which he is charged, as well as an opportunity to be heard. This was done here, and the burden therefore became his to show arbitrary and improper action by the Board. He failed to do this.

■ We find an implied power in the Board of Managers to delegate to the Disciplinary Court or to any other like subordinate body the authority to hear these matters in the first instance, granting to the prisoner the essential rights just referred to, with the report and recommendation of the subordinate body forming the basis for the Board's final decision. *Cf. R. H. Macy & Co., Inc. v. Director, Div. of Taxation,* 77 *N. J. Super.* 155, 176–177 (App. Div. 1962).

Affirmed.